SCANNED at
and Emailed

1/22/26  by Arquid  68 pages
Date:        Initials:        No:

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. _____

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

KIMAR FRASER _____

_____

**vs.**

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title if you know it. Do not use **et al.**] You may attach an additional page to add more defendants.

JEANETTE MOLDONADO _____

CAPTAIN WRIGHT _____

C/O DeAngels _____

C/O Loomis _____

C/O Jones _____

C/O WAREN _____

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Complete every section and **SIGN PAGE 7.**

(rev. 11/7/22)

## A.    JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1.    ☒ State, county, or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2.    ☐ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B.    PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages. Provide items a, b, and c for each plaintiff.

1.    First Plaintiff
      a.    Full Name: *Kimar Fraser*

      b.    Inmate Number: *379979*

      c.    Correctional facility: *GARNER C.I. 50 Ninnawauk RD. Newtown, CT.*

2.    Indicate whether you are a prisoner or other confined person as follows (check all that apply):

☒ Pretrial detainee

☐ Civil committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☒ Other (explain) *Was a pretrial detainee at time of injury and have since been sentenced.*

2

**C.    DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)** Provide items a, b, and c for each defendant. If you are suing more than six defendants, attach additional pages. You may attach an additional page to add more defendants.

1. First Defendant
   a. Full Name: Jeanette Moldonado
   b. Rank or Title: WARDEN
   c. Workplace: GARNER C.I.

2. Second Defendant
   a. Full Name: Captain Wright
   b. Rank or Title: Captain
   c. Workplace: GARNER C.I.

3. Third Defendant
   a. Full Name: C/o DeAngelo
   b. Rank or Title: Correctional Officer
   c. Workplace: GARNER C.I.

4. Fourth Defendant
   a. Full Name: C/o Loomis
   b. Rank or Title: Correctional Officer
   c. Workplace: GARNER C.I.

5. Fifth Defendant
   a. Full Name: C/o Jones
   b. Rank or Title: Correctional Officer
   c. Workplace: GARNER C.I.

3

6. Sixth Defendant
   a. Full Name: C/O Warren
   b. Rank or Title: Correctional officer
   c. Workplace: GARNER C.I.

## D.    REASON FOR COMPLAINT

Now you need to explain how your federal rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is who did what, when they did it, and how you were harmed.

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe 2, and so on.

**Now briefly describe the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrong actions.**

1. (See; Attachment A, B, C, D, E, F, G, H, I)

2.

3.

4.

7. Seventh Defendant
a. Full Name: Lieutenant Trumell
b. Rank or Title: Lieutenant
c. Workplace: GARNER C.I.

8. eighth Defendant
a. Full Name: John Doe
b. Rank or Title: Property officer on June 16th 2025
c. Workplace: GARNER C.I.

## STATEMENT OF CASE

Between JUNE 16th 2025 and JUNE 17th 2025 The Plaintiff was subjected to civil rights violations including but not limited to; failure to protect, cruel and unusual punishment, due process violations, and excessive use of force by means of defendant(s) herein dereliction of duties, gross negligence, and wilful wanton. Plaintiff brings this action to vindicate his civil rights and recover compensation for his injuries.

1. On June 16th 2025 the Plaintiff was housed at the GARNER CORRECTIONAL INSTITUTION in Newtown, Connecticut.

2. Between June 16th and June 17th of the year 2025, The Plaintiff was an "unsentenced Pre-trial detainee".

3. Prior to June 16th 2025 "Baby Powder" was strictly prohibited to all inmates in GARNER Correctional institution.

-A-

4. On June 16th 2025 the plaintiff was stabbed multiple times in the face, head, Back, and Arms by an extremely assaultive Inmate named Yasdel Moya, Inmate # 251123.

5. On June 16th 2025 Inmate Moya was on a "Rec. Alone" Status, Which was posted on his cell door in the F-Unit at GARNER C.I.

6. Inmate Moya was on Rec. Alone due to attacking several other inmates and for making statements that "he will do it again" Inmate Moya was also known for attacking Inmates, specifically Black Inmates.

7. On June 16th, 2025 at approximately 6:15 p.m. prior to exiting his cell, Inmate Moya was NOT Properly Searched.

8. On and prior to the date herein department of correction policies allows for a Strip search for Inmates on the same Classification Status as Moya, Which is customary for an Inmate as dangerous as Moya.

9. On June 16th, 2025 the plaintiff was on a "Rec. Alone Status, Which was posted on his door.

-B-

10. Once Inmate Moya began to brutally attack and stab the plaintiff, the defendants C/O Jones, C/O Loomis, and C/O Deangels began to excessively peper spray the **Plaintiff** in the face and head with Chemical Agent.

11. The plaintiff was transferred to the UCONN Hospital Where he recieved (7) Seven Stiches on his left eyelid and multiple bandages for the Stab wounds sustained but was NOT decontaminated of the peppered chemical Agent, for the medical professional who treated the plaintiff for his stab wounds stated he must be decontaminated in the department of Correction.

12. On June 16th, 2025 there were multiple "prison made knives" also known as "Shanks" found in the posession of inmate Moya, Specifically inside baby powder located in his cell.

13. After returning from the hospital the plaintiff was wrongfully placed in Isolated Confinement and still not afforded the opportunity to decontaminate of the pepered chemical Agent.

-C-

14. On June 17th, 2025 the plaintiff was rightfully removed from isolated confinement and finally afforded the opportunity to decontaminate after almost a full 24 hours of marinating in peppered chemical agent which was excessively used by the defendant(s) herein against department of correction policies and against the standards and guidlines of the vendor that the department of correction purchase their weapons from.

15. On June 16th, the plaintiff was sprayed with peppered chemical agent by within two inches of his face, head, body and inside all his stab wounds and lacerations by defendant(s) herein then was immediately denied the opportunity to decontaminate by defendant Lieutenant Trumell.

16. On June 16th, 2025 Lieutenant Trumell decided to place the plaintiff in isolated confinement despite the plaintiff being the victim that was attacked.

17. On June 17th 2025 defendant Captain Wright was the unit manager of the unit that housed Inmate Moya and the plaintiff and

-D-

was responsible for and supervised all operation, inmates, and staff within his unit, and for that defendant captain Wright is being sued in his individual and official capacity.

18. Defendant John Doe had the position of the property officer and inspected inmate moya's property upon admission into GARNER C.I. and should have known baby powder was prohibited and/or should haved thoroughly inspected Inmate Moya's baby powder and may have prevented my significant injuries. Because of defendant John Doe's negligence he is being sued in his individual and official capacity.

19. Because defendant lieutenant Trumell decision to wrongfully send the plaintiff to isolated confinement and also for not immediately decontaminating the plaintiff, he is being sued in his individual and official capacity.

20. On June 16th 2025 defendant C/O Warren was posted in the officer's station and was responsible for opening the plaintiff's And inmate moya's cell door.

-E-

21. On June 18th, 2025 defendant C/o Warren wrongfully wrote the plaintiff a disciplinary report after he was brutally attacked and stabbed and excessively peper sprayed within inches of his face.

22. Because of defendant C/o warren wrongful decisions to issue the plaintiff an disciplinary report after he was victimized and for wrongfully opening both doors of the assailant inmate moya and the plaintiff despite both doors clearly stating that both inmate moya and the plaintiff were on a Rec. Alone Status, defendant warren is being sued in his individual and official Capacity.

23. Because of defendants C/o Jones, C/o Loomis, and C/o DeAngels horrible decision to peper Spray the plaintiff in his face, head, and body from a distance of two inches and for not properly searching inmate moya prior and after exiting his cell and for not adhering to the plaintiff's and inmates moyas Rec. Alone Statuses and for failing to protect the plaintiff prior to and while he was being stabbed, they are being sued in their individual and official Capacity.

- F -

24. Defendant Jeanette Maldonado was the Warden for GARNER C.I. on June 16th, 2025 and was responsible for all staff and Inmates within the facility and should have absolutely chosen more adequate staff members to be in the specific positions all defendants herein were in. For the defendant(s) here in were grossly negligent.

25. For the reasons stated in statement #24, Defendant Jeanette Maldonado is being sued in her individual and official Capacity.

26. Injuries sustaind due to the defendant(s) herein failure to protect and gross negligence were vision damage, severe migrains, concussion, seven stiches, multiple scars, bruises, several lacerations and puncture wounds to the face, eye, head, back, and Arms from being stabbed and punched as well as long lasting burning sensation from being peper sprayed excessively. And also severe Post traumatic stress disorder (P.T.S.D.) that the plaintiff still suffers from and is being treated for mental and physical injuries to date.

– G –

27. The plaintiff right to medical care is guaranteed as well as his right to due-process, and those rights were violated on June 16th 2025 when defendant(s) herein did not afford the plaintiff the opportunity to decontaminate until June 17th, 2025.

28. Cruel and unusual punishment, gross negligence, and excessive force ~~illegible~~ by the defendant(s) herein violated the plaintiff's civil rights. Defendant(s) C/o Warren, C/o Loomis, C/o Jones, and C/o DeAngelis were aware of the plaintiff's risk of harm but did nothing to protect the plaintiff from harm.

29. The plaintiff was in a vulnerable and confined situation and could not properly defend himself while his attacker tried to kill him and the atrocious response from the defendant(s) herein was outrageous in character and extremely brutal and utterly intolerable in a civilized society for the defendant(s) herein not only failed to protect the plaintiff, but they failed to ensure that he recovered from his injuries.

-H-

30. All defendants herein were acting in their official capacities as a Correctional Officer, Lieutenant, Captain, and Warden of the Connecticut Department of Correction and are being sued in their individual and official capacities for violating the plaintiff's civil rights to be free from cruel and unusual punishment, excessive use of force, and due process violations.

31. The defendant(s) herein therefor are liable to the plaintiff for the horrible injuries he suffered as a result of the defendant(s) herein conscious shockable offences.

32. The plaintiff is in imminent danger and at risk for more harm for he is still housed at the GARNER C.I. with the defendants herein

33. The plaintiff has exhausted all administrative remedies prior to bringing the instant suit.

5.

6.

7.

8.

9.

10.

If you need more space, attach additional pages, but be as brief as possible.

**E.     REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember**: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must request a Writ of Habeas Corpus.

(See; Attachment "J")



CN 9604
REV
04/30/2021

# Inmate Grievance Appeal Form - Level 2
## Connecticut Department of Correction

Inmate name: _Kimar Fraser_     Inmate number: _378979_

Facility/Unit: _136_     Housing unit: _Fox-106_     Date: _8-19-25_

IGP number: _136-25-156_

---

### Inmate Acknowledgement

- Use this form to appeal a CN 9602, Inmate Grievance Form- Level 1.
- When submitting this form, the following must be included for processing:
  - All original documentation for prior resolution (e.g. Initial CN 9601, Inmate Request form; CN 9602, Inmate Grievance Form Level 1; etc.).
- NOTE:
  - Your appeal must be filed within five (5) calendar days of the Level 1 response and deposited in the "Administrative Remedies" box within the institution. A level 2 shall be rejected if all documentation from the level 1 response is not included.

---

### Appeal of Level 1 Decision to Level 2

I am appealing the Level 1 decision because: I am appealing the level 1 decision because preserved Camera footage will verify that "Rec. Alone" Tag attached to my door that was Not adhered to. Along with the fact of the assailant Inmate prior behavior being Common knowledge for he's attacked multiple Inmate in the past & has stated "he will do it again if given the opportunity" which is why my attacker was placed on "Rec. Alone". Also, Administration segregation policies were Not followed as my attacker was Not thoroughly searched (as I was) prior to exiting his cell with a weapon that should have been discovered. For all the aforementioned, I request an investigation and assurance that this wont happen again.

Inmate signature: _Kim___     Date: _8-19-25_

---

### FOR OFFICIAL USE ONLY - LEVEL 2 REVIEW

Date received: _8/28/2025_     Disposition: _Denied_     Date of disposition: _9/11/2025_

Reasons:

*You are appealing a level one grievance (136-26-156) regarding recreation (rec alone status) at Garner CI. The response provided by Warden Maldonado to your level 1 grievance was thorough and appropriate. Therefore, your grievance is denied.*

Level 2 reviewer print name: _Washington_     Title: **District Administrator**

Level 2 reviewer signature: _[signature]_     Date: _9/11/2025_

☐ This grievance may be appealed within five (5) Calendar days to Level 3.

☑ This decision is not subject to further appeal.

CN 9602
REV
04/30/2021



# Inmate Grievance Form- Level 1
## Connecticut Department of Correction

Facility/Unit: 136 - GARNER C.I. Fox 106

Date: 6-25-25

Inmate name: Kimar Fraser

Inmate number: 379979

## INMATE ADVISEMENT

- Any inmate who files a grievance must follow all instructions in Section 5 and 6 of Administrative Directive 9.6, "Inmate Administrative Remedies."
- Any grievance which does not follow the instructions identified in the above mentioned sections shall be rejected.

## STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

On 06-16-25 I was on a "REC. ALONE" Status and was negligently placed on a Rec. With another Inmate that was on a Rec. Alone States due to his assaultive behavior in the past. That Inmate proceeded to stab me with a "Shank" in the Face, Neck, Head, Back, and upper torso. With the Facts that myself and the assailant were both on an unambiguous Rec. Alone States, And Normal Sized tooth brushes are Prohibited per Fox/Administrative Segregation Unit's policy, I would like to know who is responsible for Not ensuring my safety's Security and what measures has been taken to ensure that this will Not happen again and an investigation into my claims as a remedy to this Grievance.

Inmate signature: [signature]

Date: 6-25-25

- **Deposit this form in the "Administrative Remedies" box .**

## DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

Date Received: 6-25-25

IGP #: 136-25-156

Disposition: **Denied**

Date of Disposition: 8/14/25

Reason:
You are filing a level one grievance (136-25-156) regarding having recreational activities with another inmate while both were allegedly assigned to "rec alone" status. After review, it has been determined that per the Administrative Segregation Phase 2 schedule, inmates may have recreated at the same time and be within the same area. Staff actions were consistent with policy and procedure. Therefore, your grievance has been denied as the rec alone claims are unsubstantiated.

☐ This decision is not subject to further appeal.

☑ This matter may be appealed within 5 calendar days.

Staff Name Print: J. Maldonado

Signature: [signature]

Date: 8/15/2025



# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV
04/30/2021

Inmate name: Kimar Fraser

Inmate number: 379979

Facility/Unit: 136 GARNER C.I.

Housing unit: Fox-106

Date: 6-23-25

Submitted to: Counselor Arnold

Request: On 6-16-25 at approximately 6:15 P.M. I was stabbed repeatedly in the Face, Back, and upper torso by an Inmate that was on "Rec. Alone" Status for engaging in the same behavior prior. Given the facts that I was on a "Rec. Alone" status and both myself and the assailant should have been subjected to a "Thorough" strip search prior to exiting our cells, And Normal "Tooth Brushes" are prohibited from the Fox unit per Administrative Segregation policies/procedures, I would like to know How was the Attack and my injuries able to happen, and also, who individually or collectively is responsible for not ensuring my safety.

**continue on back if necessary**

Previous action taken:

**continue on back if necessary**

Acted on by (print name): Arnold

Title: CC

Action taken and/or response:

Prior to and on the day of this incident, there was no active keep separate status between you and the stated assailant.

This incident is still an active investigation and, any policy violations will be addressed.

**continue on back if necessary**

Staff signature:

Date: 6/24/25



CN 9604
REV
04/30/2021

# Inmate Grievance Appeal Form - Level 2
## Connecticut Department of Correction

Inmate name: _Kimar Fraser_     Inmate number: _378979_

Facility/Unit: _136 GARNER_     Housing unit: _Fox 106_     Date: _8-19-25_

IGP number: _136-25-155_

---

## Inmate Acknowledgement

- Use this form to appeal a CN 9602, Inmate Grievance Form- Level 1.
- When submitting this form, the following must be included for processing:
  - All original documentation for prior resolution (e.g. Initial CN 9601, Inmate Request form; CN 9602, Inmate Grievance Form Level 1; etc.).
- NOTE:
  - Your appeal must be filed within five (5) calendar days of the Level 1 response and deposited in the "Administrative Remedies" box within the institution. A level 2 shall be rejected if all documentation from the level 1 response is not included.

---

## Appeal of Level 1 Decision to Level 2

I am appealing the Level 1 decision because: _I am appealing the level 1 decision as the Wardens response is Completely inaccurate, Deceptive and an act of Libel. The verint camera footage will Not only verify my claims, but it will disprove the misinformation of me "Denying" decontamination, as I was promptly rushed to the hospital for treatment were, I was complaining of Not being decontaminated befor I left the facility & upon "Entering" Furthermore it should be Noted that the process of "Decontamination" that D.O.C.'s administrative directive or les offers is No way in accordance or compliance with the "direction of use" or "safety Data sheet" with the vendor/manufactor that D.O.C. purchases their weapons (chemical Agent), therefor even if Decontamination was offered, it wont be considered accurate decontamination in the D.O.C.'s standard. Therefor the level 1 should be overturned._

Inmate signature: _[signature]_     Date: _8-19-25_

---

## FOR OFFICIAL USE ONLY - LEVEL 2 REVIEW

Date received: _8/28/2025_     Disposition: **Denied**     Date of disposition: _9/11/2025_

Reasons:

_You are appealing a level one grievance (136-26-155) regarding staff conduct at Garner CI. The response provided by Warden Maldonado to your level 1 grievance was thorough and appropriate. Therefore, your grievance is denied._

Level 2 reviewer print name: _Washington_     Title: _District Administrator_

Level 2 reviewer signature: _[signature]_     Date: _9/11/2025_

☐ This grievance may be appealed within five (5) Calendar days to Level 3.

☑ This decision is not subject to further appeal.

CN 9602
REV
04/30/2021



# Inmate Grievance Form- Level 1
## Connecticut Department of Correction

| | |
|---|---|
| Facility/Unit: 136 GARNER C.I. / Fox-106 | Date: 6-25-25 |
| | Inmate number: 579979 |
| Inmate name: Kimar Fraser | |

## INMATE ADVISEMENT

- Any inmate who files a grievance must follow all instructions in Section 5 and 6 of Administrative Directive 9.6, "Inmate Administrative Remedies."
- Any grievance which does not follow the instructions identified in the above mentioned sections shall be rejected.

## STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

On 06-16-25 I was allowed to be attacked by an Inmate with a shank that was not properly searched prior to exiting his cell. Once the assailant started stabbing me repeatedly because of the officers failure to properly interview, I was excessively sprayed with chemical agent. I was Not afforded the opportunity to properly decontaminate for almost a full 24 Hours. Due to the Numerous acts of Negligence by prison officials I am still suffering from the effects of the applied chemical agent to date. As a remedy to this grievance I request that the one(s) responsible held accountable and an investigation into my claims generated.

Date: 6-25-25

Inmate signature:

- **Deposit this form in the "Administrative Remedies" box .**

## DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

| Date Received: 6-26-25 | IGP #: 136-25-155 |
|---|---|
| | Date of Disposition: 8/14/25 |
| Disposition: **Denied** | |

Reason:
You are filing a level one grievance (136-25-155) regarding staff conduct during the June 16, 2025 incident at Garner CI.
After review, it has been determined that staff acted within the scope of their duties during the incident. The review found no evidence to substantiate the allegations of negligence and excessive force on behalf of DOC staff, as you were being escorted to be decontaminated you refused the process. Actions taken were necessary, appropriate, and consistent with safety and security protocols. Therefore, your grievance has been denied.

☐ This decision is not subject to further appeal.

☑ This matter may be appealed within 5 calendar days.

| | |
|---|---|
| Staff Name Print: J. Maldonado | Date: 8/14/2025 |
| Signature: J. Maldonado, Warden | |

CN 9601
REV
04/30/2021

# Inmate Request Form
## Connecticut Department of Correction

Inmate number: 379979

Inmate name: Kimar Fraser

Housing unit: F-100

Date: 6-23-25

Facility/Unit: Big Garner

Submitted to: Counselor Arnold

Request: Goodmorning, On 6-16-25 I was excessively Peper sprayed while being stabbed repeatedly. I am still being affected by the peper spray from that day as it's virtually impossible to remove it from my hair. I am writing to find out why was this allowed? and who is responsible? and What options do I have to rectify it? Thank you!

**continue on back if necessary**

Previous action taken:

**continue on back if necessary**

Title: CC

Acted on by (print name): Arnold

Action taken and/or response: This incident is still on active investigation and any policy violations will be addressed.

**continue on back if necessary**

Date: 6/24/25

Staff signature:

# Disciplinary Report
## Connecticut Department of Correction

CN 9503/1
REV 05/21/24

| | |
|---|---|
| Facility/Unit: GCI | Report date: 06/16/25 |
| | Inmate number: 379979 |

Inmate name: Fraser, Dillon *Kimar*

| | | |
|---|---|---|
| | Location of incident: Fox Unit | |
| Housing unit: Foxtrot | Incident date: 06/16/25 | Incident time: 6:17  ☐ am  ☒ pm |
| Report number: | | Offense class:  ☒ A  ☐ B  ☐ C |

Offense: Fighting

On the above date and time I officer Warren was assigned as the #1 officer in Fox Unit when during an escort to the gym inmate Fraser, Dillon #379979 and inmate Moya, Yasdel #251123 began fighting near the sally port door in Fox Unit warranting a class A ticket for fighting.

Witness(es):

Physical evidence:

| | |
|---|---|
| | Title: Correctional officer |

Reporting employee (print): Warren

Reporting employee (signature): *[signature]*

| | | |
|---|---|---|
| Date: 06/16/25 | Time: 7:11  ☐ am  ☒ pm | Employee requests copy:  ☐ yes  ☒ no |

### CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| | | |
|---|---|---|
| | Date: 6/16/25 | Time: 8:30  ☐ am  ☒ pm |
| ☒ Administrative Detention | | |
| ☐ Accused inmate interviewed | ☐ Informal disposition | |

Custody Supervisor / Unit Manager name (print): *Kautt*

Custody Supervisor / Unit Manager signature: *[signature]*

| | | |
|---|---|---|
| | Date: 6/16/25 | Time: 8:31  ☐ am  ☒ pm |
| Title: LT | | |

### INMATE NOTICE

| | |
|---|---|
| | Delivered by (signature): *[signature]* |
| Delivered by (print): *Kenney* | Date: 6-17-25   Time: 3³⁰  ☒ am  ☐ pm |
| Title: c/o | |

☐
- Check if inmate receiving disciplinary report is placed on a Behavioral or Mental Health Observation Status.
- If applicable, delivering officer must read the Disciplinary Report to the inmate and leave the copy at the Officers Station.
- Once a qualified mental health provider deems that the inmate can retain paper, the Disciplinary Report shall be issued to the inmate in accordance with this directive.



# Restrictive Housing/Special Management Unit Status Order
### Connecticut Department of Correction

CN 9401/1
REV 4/21/23

| Facility/Unit: | Garner C.I. | |
|---|---|---|
| Inmate name: | Fraser, Kimar | Inmate number:  379979 |

## SECTION 1 - STATUS

### Placement in Restrictive Housing Unit (check and date the appropriate description).

| | | Date: |
|---|---|---|
| ☐ | Transfer Detention | |
| ☒ | Administrative Detention | Date:   6/16/25 |
| ☐ | Punitive Segregation | Date: |
| ☐ | Special Management: | Date: |

## SECTION 2 - REASON FOR PLACEMENT

The inmate's/my continued presence in the general population poses a serious threat to life, property, self, other inmates, and/or the security of the facility because:

Inmate Fraser, Kimar #379979 placed on Administrative Detention pending adjudication of one class A disciplinary report for "Fighting".

## SECTION 3 – Vulnerable Population Review

Does this inmate meet any of the following criteria? ☐ Yes (if yes, next business day review is required) ☒ No

Under the age of 18 – Over the age of 65 – MH Score 4 or 5 – Has a developmental disability – Significant auditory or visual impairment – Pregnant or Postpartum – Has a serious medical condition in accordance with AD 9.7

| Supervisor signature: | *[signature]* | Date:   6/17/2025 |
|---|---|---|
| Inmate given copy of this form:     Time:     3:30 | ☒ am  ☐ pm | Date:   6/17/2025 |



# Disciplinary Process Summary Report
## Connecticut Department of Correction

CN 9504/1
Rev 2/27/24

| | |
|---|---|
| Facility/Unit: **Garner Correctional Institution** | Housing Unit: **Fox** |
| Report Date: **6/16/25**  Report Number: **GCI-25-06-052** | Hearing Date: **06/17/25** |
| Inmate Name: **Fraser, Kimar** | Inmate Number **# 379979** |
| Reporting Employee **Officer Warren** | DHO: **N/A** |
| Investigator: **Officer McBurnie** | Advisor: |

| Inmate appearance | ☐ yes  ☑ no | Reason: *Charge Dismissed DC* |
|---|---|---|

☐ Suspended sentence:

| ☐ Deferred prosecution | Number of days | Through: |
|---|---|---|
| ☑ Charged dismissed | By: **CPT Wright** | Reason: |

Continuances (dates and reasons):

**SANCTIONS/PENALTIES:**

**(0) 0**

### Summary

| | Charge / class | Plea | Finding |
|---|---|---|---|
| Original | Fighting  Class A | Dismiss | Dismiss |
| Substitute | | | |

Forfeiture of Risk Reduction Earned Credits:

| ☐ -10 | ☑ -15 | ☐ -25 |
|---|---|---|
| ☐ -60 | ☐ Not Sentenced | |

| ☐ Confidential information | Reliability: | |
|---|---|---|
| Documentation Submitted | ☐ Incident Report | ☐ Medical incident report |
| | ☐ Use of force report | ☑ Other (specify) CN9510 / Mental Health Review |

| Witness name: | | appearance ☐ yes | ☐ no |
|---|---|---|---|

Testimony:

| Witness name: | | appearance ☐ yes | ☐ no |
|---|---|---|---|

Testimony:

| Witness name: | | appearance ☐ yes | ☐ no |
|---|---|---|---|

Testimony:

| ☐ Witness exlusion | Name: | Reason: |
|---|---|---|

Physical evidence,written testimony

CN 9601
REV
04/30/2021

# Inmate Request Form
## Connecticut Department of Correction

Inmate name: Kimar Fraser

Inmate number: 379979

Facility/Unit: 136 - GARNER

Housing unit: F-108

Date: 1-16-26

Submitted to: Counselor

Request: Goodmorning, IS Baby powder allowed in this unit? or any other unit in GARNER C.I.?.

Thank you!

continue on back if necessary

Previous action taken:

continue on back if necessary

Acted on by (print name): Arnold

Title: CC

Action taken and/or response: Baby powder is not allowed in any unit at GCI.

continue on back if necessary

Staff signature:

Date: 1/20/26

# BUTLER NORRIS & GOLD
### Attorneys At Law
254 Prospect Avenue
Hartford, Connecticut 06106-2041

Martin P. Gold
William J. Butler~
Lee A. Gold
Mark J. Migliaccio°
Matthew J. Hoberman°
Harris B. Appleman*
Jeffrey C. Kestenband*
Scott B. Burg÷
Lisa W. Levy
Magdalena Narozniak

*of counsel
° Also Admitted in NY
~Partner 1978-1996
÷Also Admitted in MA, NJ

Telephone
(860) 236-6951
Telefax
(860) 236-5263

July 2, 2025

Warden Jeanette Maldonado
Garner Correctional Institution
50 Nunnawauk Road
Newtown, CT 06470

**Re:**     **Attack on *Kimar Fraser*, Inmate No.  379979**

Dear Warden Maldonado:

I am writing on behalf of my criminal client, Kimar Fraser, who is currently housed at Garner Correctional Institution. Mr. Fraser was the victim of a recent violent attack perpetrated by another inmate. He continues to experience physical pain from the injuries sustained and is requesting appropriate pain management through medical services at the facility.

In addition to his physical injuries, Mr. Fraser is struggling with the psychological impact of the attack. He has indicated that he does not feel comfortable discussing the incident in a group therapy setting and is therefore requesting access to one-on-one mental health treatment in a more secure and private environment.

Lastly, Mr. Fraser is seeking an update regarding the investigation into the incident. As the victim, he is understandably concerned about the progress and outcome of the investigation, as well as the steps being taken to ensure his safety going forward.

I respectfully request that your office address these concerns promptly and ensure that Mr. Fraser receives the medical and mental health care to which he is entitled. Please contact me directly if any further information is needed.

Thank you for your attention to this matter.

Very truly yours,

Magdalena Narozniak, Esq.

MN/

Cc:
Kimar Fraser (Inmate #379979)
Garner Correctional Institution
50 Nunnawauk Road
Newtown, CT 06470

# BUTLER NORRIS & GOLD
### Attorneys At Law
254 Prospect Avenue
Hartford, Connecticut 06106-2041

Martin P. Gold
William J. Butler+
Lee A. Gold
Mark J. Migliaccio°
Matthew J. Hoberman°
Harris B. Appleman*
Jeffrey C. Kestenband*
Scott B. Burg♦▢
Lisa Levy
Magdalena Narozniak
Allan Quade

♦OF COUNSEL
°ALSO ADMITTED IN NY
♦ALSO ADMITTED IN MA
▢ALSO ADMITTED IN NJ
+PARTNER 1978-1996

Telephone
(860) 236-6951
Telefax
(860) 236-5263

September 23, 2025

Warden Jeanette Maldonado
Garner Correctional Institution
50 Nunnawauk Road
Newtown, CT 06470

**Re:    Medical attention for Kimar Fraser, Inmate No.  379979**

Dear Warden Maldonado:

This office represents Mr. Kimar Fraser. I am writing to express concerns regarding his medical care and to request that immediate efforts be taken to address his health needs. My client sustained a stabbing injury in the area of his eye and has not received adequate follow-up treatment. He is experiencing vision problems and requires further evaluation by a medical specialist to determine whether there are lasting complications. In addition, my client suffers from serious back problems and has undergone two back surgeries at UConn Health between June and November of 2024. We requested those medical records to substantiate the severity of his condition. In the meantime, it is necessary that he be provided with a mattress appropriate for his condition. The current bedding situation is aggravating his back pain and contributing to unnecessary suffering.

I am requesting that my client be scheduled for prompt follow-up care for his eye injury, that pain management be addressed immediately, and that his request for a suitable mattress is reviewed.

Thank you for your attention to this matter.

Very truly yours,
BUTLER NORRIS & GOLD

Magdalena Narozniak

MN:jm

CC: Kimar Fraser

Martin P. Gold
William J. Butler+
Lee A. Gold
Mark J. Migliaccio°
Matthew J. Hoberman°
Harris B. Appleman*
Jeffrey C. Kestenband*
Scott B. Burg♦¤
Lisa Levy
Magdalena Narozniak
Allan Quade

# BUTLER NORRIS & GOLD
### Attorneys At Law
254 Prospect Avenue
Hartford, Connecticut 06106-2041

Telephone
(860) 236-6951
Telefax
(860) 236-5263

*OF COUNSEL
°ALSO ADMITTED IN
 NY
♦ALSO ADMITTED IN
 MA
¤ALSO ADMITTED IN
 NJ
+PARTNER 1978-1996

October 10, 2025

Kimar Fraser Inmate No.: 379979
Cheshire CI
900 Highland Avenue
Cheshire, CT  06410

**Re:    State of Connecticut v. Kimar Fraser**

Dear Mr. Fraser:

Regarding the above captioned matter, enclosed please find a copy of letter from Warden Jeanette Maldonado.

Should you have any questions or concerns please do not hesitate to contact my office.

Very truly yours,
BUTLER NORRIS & GOLD

Magdalena Narozniak

MN:jm
Enclosure



### STATE OF CONNECTICUT
### DEPARTMENT OF CORRECTION
*Garner Correctional Institution*
*50 Nunnawauk Rd.*
*Newtown, CT 06470*

*Jeanette Maldonado*
*Warden*

*Tel: (203) 270-2809*
*Fax: (203) 270-2612*

October 7, 2025

Magdalena Narozniak
Butler Norris & Gold
Attorney At Law
254 Prospect Avenue
Hartford, CT 06106-2041

RE: Kimar Fraser #379979

Dear Attorney Narozniak:

I am in receipt of your letter regarding Kimar Fraser and your concerns of his medical attention. Mr. Fraser has received medical care to include being evaluated by the optometrist and neurosurgeon. If he is in need of further medical attention he can write to medical to be seen. Also, his request for a mattress has been reviewed. If he has issues with his current mattress, he should speak to or write to his unit manager to have the mattress exchanged upon inspection.

If you have any questions, please feel free to contact me.

Respectfully,

Jeanette Maldonado
Warden

JM/to

# BUTLER NORRIS & GOLD

### Attorneys At Law
254 Prospect Avenue
Hartford, Connecticut 06106-2041

Telephone
(860) 236-6951
Telefax
(860) 236-5263

Martin P. Gold
William J. Butler+
Lee A. Gold
Mark J. Migliaccio°
Matthew J. Hoberman°
Harris B. Appleman*
Jeffrey C. Kestenband*
Scott B. Burg◆▫
Lisa Levy
Magdalena Narozniak
Allan Quade

*OF COUNSEL
°ALSO ADMITTED IN NY
◆ALSO ADMITTED IN MA
▫ALSO ADMITTED IN NJ
+PARTNER 1978-1996

October 28, 2025

Warden Jeanette Maldonado
Garner Correctional Institution
50 Nunnawauk Road
Newtown, CT 06470

**Re:    Medical attention for Kimar Fraser, Inmate No.  379979**

Dear Warden Maldonado:

I received your letter dated October 7, 2025, in which you suggested that my client speak with his Unit Manager regarding his current mattress. He followed that direction; however, the conversation was not fruitful, and the Unit Manager was not able to assist. Please advise on the next steps to address this issue. If a medical review is required to authorize a replacement or accommodation, please let my client know accordingly.

Thank you for your attention to this matter. If you need anything further from me or from my client to move this forward, please let me know.

Very truly yours,
BUTLER NORRIS & GOLD

Magdalena Narozniak

MN:jm

Cc: Kimar Fraser



CN 9601
REV
04/30/2021

# Inmate Request Form
## Connecticut Department of Correction

Inmate name: Lenor Fraser

Inmate number: 379979

Facility/Unit: GARNER

Housing unit: Fox-100

Date: 1-14-25

Submitted to: MEDICAL

Request: Goodmorning, Earlier this year I was attacked by an Inmate and injured my Shoulder and I've written Several request to be treated for my injuries but to date I've been denied treatment.
Can you please treat me for my Shoulder pain as it is making life extremely difficult.

**continue on back if necessary**

Previous action taken:

**continue on back if necessary**

Acted on by (print name):

Title:

Action taken and/or response:

11/24/25
you were seen 11/5/25 & 6/23/25 & all consearns were addressed at that time

ValletteR

**continue on back if necessary**

Staff signature:

Date:



# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV
04/30/2021

Inmate name: Kinor Fraser

Inmate number: 379979

Facility/Unit: GARNER

Housing unit: F.106

Date: 11-14-25

Submitted to: Medical

Request: Goodmorning, Earlier this year I was Stabbed in the left eye and have been ever since experiencing extreme headachs, Vision loss, and sever nerve damage where the eyeball twitches uncontrolably and I need my injury examined and treated as Soon as possible.

Thank you!

*continue on back if necessary*

Previous action taken:

*continue on back if necessary*

Acted on by (print name):                     Title:

Action taken and/or response:

11/24/25   you were seen   6/23/25 & 11/5/25
& all concerns were
addressed at that time

*continue on back if necessary*

Staff signature:                              Date:



CN 9601
REV
04/30/2021

# Inmate Request Form
## Connecticut Department of Correction

Inmate name: Kimar Fraser

Inmate number: 379979

Facility/Unit: GARNER

Housing unit: F-106

Date: 6-22-25

Submitted to: Optometrist / Eye Doctor

Request: Goodmorning, I was recently stabbed in the eye by another inmate and ever since then my vision has been constantly blurry and I'm experiencing migrains all throughout the day. Could you please help?

Thank you!!

**continue on back if necessary**

Previous action taken:

**continue on back if necessary**

Acted on by (print name): Reynolds

Title: OD

Action taken and/or response:

You are on the optometry list.

**continue on back if necessary**

Staff signature: _[signature]_

Date: 06/25/24



# Health Services Administrative Remedy- Level 1
## Connecticut Department of Correction

CN 8901
Rev.
05/06/2021

| ☐ Facility/Unit: 13co GARNER F-106 | Date: 11-30-25 |
|---|---|
| Inmate Name: Kimar Fraser | Inmate Number: 37979 |

### Section 1: FILING A HEALTH SERVICES ADMINISTRATIVE REMEDY LEVEL 1

**Prior to filing a request for Health Services Administrative Remedy, an inmate must attempt informal resolution.** Attach a copy of the CN 9601, Inmate Request form, with the staff member's response or explain in Section 3 why the form is not attached.

**Health Services Administrative Remedies must be filed within 30 days of the occurrence or discovery of the cause of the concern.**

Reason for Health Services Administrative Remedy. Check the appropriate box:

☑ **Diagnosis/Treatment**     ☐ **Administrative**

### Section 2: OTHER REQUIREMENTS FOR USING THE HEALTH SEVICES ADMINITRATIVE REMEDY PROCEDURE

#### Read and comply with the instructions below, then complete Section 3 (State the Problem and Requested Resolution)

- The length of this request shall be restricted to the space available in Section 3 and one (1) additional 8 1/2 x 11-inch page.
- This request for a Health Services Administrative Remedy must be free of obscene or vulgar language or content.
- This request for a Health Services Administrative Remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- Informal resolution attempts and responses shall be attached or explained if no attachment is available.
- A repetitive request for a specific Health Services Administrative Remedy will be rejected if
    a. a final response has already been provided;
    b. there has been no change in any circumstances that would affect the response; and
    c. the initial request for the Health Services Administrative Remedy is still in process.

### Section 3: STATE THE PROBLEM AND REQUESTED RESOLUTION

Provide any factual information that is applicable. Including any responses from staff. State the action that you believe should be taken to resolve this problem. PLEASE PRINT. I am filing this medical Grievance because to my understanding, my medical concerns regarding my constant shoulder pain has NOT been addressed and I need a M.R.I. scheduled because I've already had x-Rays and the pain is only getting worse. Also it should be noted that the attached CN 9601 Informal resolution response was returned to me in this exact manner Ripped off at the bottom.

As a remedy for this grievance I'm requesting a scheduled M.R.I. for my shoulder as well as an increase to my current pain medication or/and stronger medication all together.



# Health Services Administrative Remedy - Level 1
## Connecticut Department of Correction

CN 8901
Rev.
05/06/2021

| Inmate Signature: | Date: 11-30-25 |
|---|---|

Deposit the completed form in the <u>Health Services Administrative Remedies box</u>

Section 4: Decision/Official Use ONLY- Do Not Write in the Space Below

| Date Received: 12/10/25 | HSAR# 379979 |
|---|---|
| Disposition: Denied | Date: 12/17/25 |

Reason: Staff responses must be printed or typed. Language must address both the problem and requested solution

Rejected/denied = the application for administrative remedy is without merit.

① Your resolution is requesting an MRI - this was ordered by Dr. Valletta on 9/30/25. We are still waiting for UCONN to schedule. We do not have authority over outside facilities or providers.

② Your resolution is also asking for pain medication increase. Dr. Valletta increased your Lyrica from 150mg twice a day to 300mg twice a day on ~~9/30/25~~ (error ML 12/17/25) on 12/9/25

## Health Services Administrative Remedy Decision

| ☒ This decision is not subject to further appeal | ☐ This matter may be appealed within 5 calendar days |
|---|---|
| Staff Name Print: Maria Losi | Title: HSARC |
| Signature: | Date: 12/17/25 |

9/8/2025

**Garner Correctional Institution**
50 Nunnawauk Road
Newtown, CT 06470
Main: 2032702800

MD Sick Call
Date of Service: 6/16/2025

**KIMAR DILLON FRASER**
Male DOB: Apr 08, 1992          232210

- anxious / pain

**Integumentary**
   **Inspection:**   Other
- 4 cm open, bleeding laceration on left eyelid

**Eyes**
Pupils equally reactive to light and accommodation, extraocular muscles intact bilaterally

**Nasal:**
Nares open and clear bilaterally and without discharge.

**Pharynx:**
No obvious abnormalities.

**Neck**

   **Neck:**   Other
- FROM

**Respiratory**
Unlabored by view. Breath sounds clear to auscultation and percussion; no rales, rhonchi or wheezes.

**Cardiovascular**
Regular rate and rhythm, positive S1/S2; No S3/S4; no murmurs or rubs; No clubbing, cyanosis or edema; no jugular venous distension; peripheral pulses normal.

**Musculoskeletal**
Full range of motion of all four extremities without obvious weakness.

**Neurological**
Grossly intact and non-focal; no tremors, no gait abnormalities, speech fluent.
   **Cranial nerves:**   WNL
- No cranial nerve deficits
**Mental Status**
Alert and oriented. No acute distress.

   **Orientation:**   WNL - No disorientation
Knew place, year and POTUS
   **Memory:**   WNL - No memory deficits
   **Mood & Affect:**   Other - anxious / agitated

**Practitioner Assessment & Plan**
**Assessment Comments:**

S/P CODE BLUE - multiple contusions to head and face with possible LOC and large laceration to left

3 of 4

**Garner Correctional Institution**
50 Nunnawauk Road
Newtown, CT 06470
Main: 2032702800

MD Sick Call
Date of Service: 6/16/2025

**KIMAR DILLON FRASER**
Male DOB: Apr 08, 1992                    232210

eyelid

**Disposition:**   Emergency Room

**Plan Comments:**

transfer, via custody vehicle, to UCHC ED for further evaluation & treatment.

**Education Provided:**
**The individual has been educated regarding the individual's diagnosis and diagnostic results. The individual verbalizes understanding of current health status and expresses verbal consent to current management** Yes
**Individual Education Provided** Other
        **Other:** trauma

**Interpretation:**
**Does the individual need an interpreter?** No

Signed By: Valletta MD, Gerald at 6/16/2025 6:50:23 PM

4 of 4

# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV
04/30/2021

Inmate name: Kimar Fraser

Inmate number: 379979

Facility/Unit: GARNER

Housing unit: F-10C

Date: 11-10-25

Submitted to: Medical

Request: Goodmorning, Ladies this year I was assaulted by an Inmate where I sustained multiple stab wounds and injured my shoulder, to date I've made Several Complaints to be seen & treated for my injuries but the Staff here at GARNER has been neglecting their duties and have NOT provided me treatment for my Shoulder Nor my eye. I am again requesting to be seen and treated for the aforementioned injuries.

continue on back if necessary

Previous action taken:

11/24/25 You were seen 11/5/25 & 6/23/25 & all concerns were addressed at that time



# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV
04/30/2021

Inmate name: Kimar Fraser

Inmate number: 379979

Facility/Unit: 136

Housing unit: F-106

Date: 11-25-25

Submitted to: DR. Velletta

Request: Goodmorning, A few weeks ago I met with you to adjust my medication which you did. And you also said you were going to order me creams for my eczema, specifially Eucerin & hydrocortisone (for the itchyness) However, I have not gotten the creams and the nurses said they dont see an order for any. Can you please look into this for me? Thank you!

**continue on back if necessary**

Previous action taken:

**continue on back if necessary**

Acted on by (print name):

Title:

Action taken and/or response:

12/3/25  Being sent to block

Valletta

**continue on back if necessary**

Staff signature:

Date:

9/8/2025

**Garner Correctional Institution**
50 Nunnawauk Road
Newtown, CT 06470
Main: 2032702800

MD Sick Call
Date of Service: 6/23/2025

**KIMAR DILLON FRASER**
Male DOB: Apr 08, 1992                     232210

**Inspection:**   Other
- Approx. 4 cm laceration below the left eyebrow. Two superficial lacerations on the back, one on the left upper back approx. 4 cm in length, and another on the middle of the back parallel with the spine, approx. 7 cm in length. He has one puncture wound located on the middle back as well. All scars from assault appear to be well healed.

### *Musculoskeletal - Extremities*

**Left Shoulder**
**ROM:**   Full

**Left Hand/Wrist**
**ROM:**   Full

**Left Elbow**
**ROM:**   Full

**Left Hip**
**ROM:**   Full

**Left Knee**
**ROM:**   Full

**Left Ankle**
**ROM:**   Full

**Left Foot**
**ROM:**   Full

**Right Shoulder**
**ROM:**   Decreased
**Weakness:**   No

**Right Hand/Wrist**
**ROM:**   Full

**Right Elbow**
**ROM:**   Full

**Right Hip**
**ROM:**   Full

**Right Knee**
**ROM:**   Full

**Right Ankle**
**ROM:**   Full

**Right Foot**
**ROM:**   Full

**Garner Correctional Institution**
50 Nunnawauk Road
Newtown, CT 06470
Main: 2032702800

9/8/2025

MD Sick Call
Date of Service: 6/16/2025

**KIMAR DILLON FRASER**
Male DOB: Apr 08, 1992                    232210

**Orders List**
On Site Referral - Prescriber (Medical) [OSRPPM]
TB/TST Test [TBTST]
Treatment Plan [TP]
On Site Referral - Prescriber (Medical) [OSRPPM]
Provider Sick Call [MDSICKCALL]
TB Symptom Screening [TBSS]
Dental - Preventative [DPREV]
Provider Sick Call [MDSICKCALL]
Prescriber - Med Renewal (MH) [PMHREN]

**Chief Complaint:**    CODE BLUE

**History of Present Illness: with details regarding duration, frequency, relieving and worsening factors, etc.**
IM claimed that he was going to the gym for planned rec at Fox block and "this dude just attacked me." He stated that he was punched in the left eye and has "bruises and cuts all over" but cannot localize any other injuries. C/O pain & difficulty seeing with left eye.
He sustained multiple blows to head and stated that he hit his head on the cart and floor. C/O dizziness / lightheadedness. POSSIBLE LOC, "for a second."
+ nausea. Some difficulty breathing / chest pain.

**Current Vital Signs**
**Previous Height:** 70 (11/29/2024 7:22:17 PM)    **Previous Weight:** 260 (05/08/2025 1:07:44 PM)
  **Sitting BP:**   150 / 102mm Hg
**Temperature:**   97.5degrees
    **Temperature site:**   Temporal
**Pulse rate:** 103
    **Pulse rhythm:**   Regular
**Respirations:**   18
  **Respiration Type:**   Regular
    **Pulse Ox%**   97
    **Room Air:**   Yes

**Allergies:**
* TOMATO (Mild)

**PHYSICAL EXAMINATION**

*General*
    **General Appearance:**   Alert/Oriented, Other

2 of 4

**Garner Correctional Institution**
50 Nunnawauk Road
Newtown, CT 06470
Main: 2032702800

9/8/2025

MD Sick Call
Date of Service: 6/23/2025

**KIMAR DILLON FRASER**
Male DOB: Apr 08, 1992

232210

08/31/2025
**Allergies List**
* TOMATO (Mild)

**Orders List**
TB/TST Test [TBTST]
Treatment Plan [TP]
TB Symptom Screening [TBSS]
Dental - Preventative [DPREV]
Prescriber - Med Renewal (MH) [PMHREN]

**Chief Complaint:**   Suture removal & Follow up s/p assault
Chronic back and shoulder pain

## History of Present Illness: with details regarding duration, frequency, relieving and worsening factors, etc.

This is a 33yo/m presenting for a follow up after an assault one week ago. He suffered approx. 4 cm laceration below the left eyebrow that resulted in suture repair. He also suffered two superficial lacerations on the back, one on the left upper back approx. 4 cm in length, and another on the middle of the back parallel with the spine, approx. 7 cm in length. He has one puncture wound located on the middle back as well. All scars from assault appear to be well healed. He denies much pain associated with these sites of injuries.

He is also claims he is having right shoulder pain since the assault. He says the pain exacerbates with movement and pressure. He has been taking motrin and Tylenol PRN for pain but claims the medications do not relieve the pain. He describes the pain as sharp, constant, and does not radiate.

## Review of Systems
GENERAL SYSTEM: Denies Any Sx Related to System.
EYES: Complains of Blurring. Denies Diplopia, Irritation, Discharge, Vision Loss, Eye Pain, Photophobia. complaining of blurred vision in left eye since the incident
E/N/T: Denies Any Sx Related to System.
CARDIAC: Complains of Chest pains, Palpitations. Denies Syncope, Dyspnea on Exertion, Orthopnea, PND, Peripheral Edema. complains of intermittent chest pain/palpitations with anxiety 5/6 times per day
PULMONARY: Denies Any Sx Related to System.
GASTROINTESTINAL: Denies Any Sx Related to System.
GENITOURINARY: Denies Any Sx Related to System.
MUSCULOSKELETAL: Complains of Back Pain, Joint Pain. Denies Joint Swelling, Muscle Cramps, Muscle Weakness, Stiffness, Arthritis. right shoulder pain/chronic lower back pain
SKIN: Denies Any Sx Related to System.
NEUROLOGIC: Complains of Dizziness, Headache. Denies Transient Paralysis, Weakness, Paresthesias, Seizures, Syncope, Tremors, Vertigo. intermittent dizziness, HA since incident
PSYCHIATRIC: Complains of Anxiety. Denies Agression, Depression, Memory Loss, Mental Disturbance, Suicidal Ideation, Hallucinations, Paranoia.

2 of 7

**Garner Correctional Institution**                                    9/8/2025
50 Nunnawauk Road
Newtown, CT 06470                                                   MD Sick Call
Main: 2032702800                                       Date of Service: 6/23/2025

**KIMAR DILLON FRASER**
Male DOB: Apr 08, 1992                    232210

Back pain, thoracic region, chronic. Chronic back pain due to DDD. Hx of surgery and corticosteroid injection which he reports worked well. Medications: Ibu 800 mg oral tablet;    Acetaminophen 325 mg oral tablet.    Medications: Duloxetine hcl oral cpep 60 mg;    Duloxetine hcl oral cpep 30 mg.    Will follow w ortho. FOLLOW-UP MD SICK CALL PRN

Anxiety. Claims he has been experiencing multiple episodes a day of palpitations and chest pain due to increase in anxiety. Will speak with MH.

Suture removal. Sutures removed from below left eyebrow. Site is well healed w no signs of infection. Medications: Bacitracin-polymyxin b ophth oint 500-10000 unit/gm. Place bacitracin on area BID.

Signed By: Valletta MD, Gerald at 6/23/2025 5:31:57 PM

## PRAYER FOR RELIEF

1. Monetary damages from each defendant

2. Compensatory damages from each defendant

3. Punitive damages from each defendant

4. Attorney fees

5. Injunction Relief

6. Adequate medical and mental health treatment

7. Any other relief this court deems necessary

**F.      DO YOU WISH TO HAVE A JURY TRIAL? YES ☒ NO ☐**

**G.      PLAINTIFF'S CERTIFICATION AND WARNINGS**

**Warning: You must sign this, or your complaint will not be filed.**

By signing this complaint, I certify that I have read the following:

**Before you file your Complaint, contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

1.      Failure to use the prison grievance process before suing: If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2.      Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3.      Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you.

4.      Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5.      Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison: If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

6

6.    Please be advised that you may be denied *in forma pauperis* status if you have filed three of more cases as a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim. The Prison Litigation Reform Act ("PLRA") amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See Akassy v. Hardy*, 887 F.3d 91, 93 (2d Cir. 2018) ("'the PLRA contains a "three-strikes" rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits,' with an exception provided for a prisoner who is in imminent danger of serious physical injury.") (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice. You will be required to comply with Court rules and procedures, even though you are proceeding without a lawyer. Your best strategy is to call Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Further, by signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at: 50 Nunnawauk Rd. Newtown, CT 06470 on 1-20-26

(Location)                          (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff.**